**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                            Case No.: 8:07-cr-50-WFJ-TGW

HEBERTO YESQUEN-ESTUPINAN
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Heberto

Yesquen-Estupinan, USM#: 50909-018, moves, *pro se*, (Dkt. 124) for a reduction

in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States

Sentencing Guidelines, to permit a two-level decrease to a defendant's offense

level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence

of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence

might warrant a retroactive reduction if the advisory sentencing range on which the

defendant's sentence was based "has subsequently been lowered by the Sentencing

Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On February 23, 2010, Heberto Yesquen-Estupinan was sentenced under 46 U.S.C. § 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 3238 for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received a 262-month prison term. Mr. Yesquen-Estupinan's total offense level was 39. He was assessed no criminal history points, and his criminal history was category I. Mr. Yesquen-Estupinan's advisory sentencing range was 262-327 months, and the offense carries a mandatory minimum of ten years to life. The sentence imposed was at the bottom of the advisory guideline range. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of June 25, 2025.

2

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Yesquen-Estupinan's term of imprisonment because he received an aggravating role enhancement.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 137.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Heberto Yesquen-Estupinan because he "received a managerial role enhancement, pursuant to USSG §3B1.1(b), and therefore is disqualified from a sentence reduction due to the criteria set forth at USSG §4C1.1(a)(10)." *Id*.  This Court provided 21 days for any *pro se* filing, but nothing has been filed.  Dkt. 138.

Defendant was arrested in Colombia in 2007 and extradited to the United States a year and a half later.  Mr. Yesquen-Estupinan and others purchased two fishing vessels that were used to transport multi-ton quantities of cocaine on a total

of about15 occasions.  Defendant orchestrated the many trips, met with the captains of both vessels, mapped out the destinations and drop-off points, and paid the crew members following successful ventures.  In September 2004, on two different days/trips, each boat was interdicted by the U.S. Coast Guard.  On these two single trips alone, a total of 22,500 kilograms of cocaine was seized by Coast Guard personnel.

Even if Defendant were eligible and even considering revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 262-month sentence.  This case involved a narcotics smuggling venture with an extraordinary amount (22,500 kilograms) of cocaine for just two of the many ventures these boats undertook.  This amount does not account for all the prior trips taken by these two fishing vessels.  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (a)(2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Colombia and will likely be deported.

Mr. Yesquen-Estupinan's *pro se* motion (Dkt. 124) for a reduction in sentence are **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on May 27, 2025.

4

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE